# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1057

_____

JOSEPH JEFFERSON, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

March 22, 2018


WINSOR, J.


Joseph Jefferson argues that police unconstitutionally seized his girlfriend's car after arresting him for driving without a license. He asks this court to reverse the denial of his motion to suppress evidence (a gun and ammunition) police found in the car. We find no Fourth Amendment violation, so we affirm.

Jefferson was almost home when a police officer saw him driving without a seatbelt. The officer stopped Jefferson as he was pulling into his apartment complex's parking lot. Within two minutes of the initial stop, Jefferson was under arrest for driving without a license. Twenty minutes later, a K9 unit arrived, and the dog sniffed the car Jefferson had been driving. The dog alerted, and officers searched the car and found a firearm and ammunition

under the driver's seat. The State charged Jefferson with driving without a license and possession of a firearm by a felon.

Jefferson does not dispute the fact that a dog sniff can provide probable cause. *See Florida v. Harris*, 568 U.S. 237, 247 (2013) ("[T]he dog's alert provides probable cause to search."). Instead, he contends there should have been no sniff because the car was illegally seized when the sniff occurred. Relying on *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), Jefferson argues that police had no authority to hold the car during the twenty minutes between his arrest and the dog's alert. *Rodriguez* held that absent reasonable suspicion, law enforcement's authority to seize a vehicle during a traffic stop "ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." 135 S. Ct. at 1614. Here, Jefferson maintains, police had completed all of the "ordinary inquiries incident to the traffic stop" once they had arrested him, *id.* at 1615 (marks and citation omitted), meaning they could no longer maintain control over the car.

The problem with Jefferson's argument is that the car—whether seized or not—was not going anywhere until someone with authority to move it arrived at the scene. Unlike the motorist in *Rodriguez*, who would have been free to drive away in his car but for the dog sniff, Jefferson was already under arrest for driving without a license and was not free to leave, irrespective of the sniff. Jefferson asked officers to release the car to his sister, but she did not arrive until after the sniff had occurred. Nor did the car's owner (Jefferson's girlfriend) arrive in time.

In short, from the time of the arrest until the sniff established probable cause, the car was sitting parked in a parking lot with no one available to take control of it. During that time, officers were free to initiate the sniff, so there was no Fourth Amendment violation. *See United States v. Place*, 462 U.S. 696, 707 (1983) (dog sniff of personal property, "which was located in a public place, [by] a trained canine[ ]did not constitute a 'search' within the meaning of the Fourth Amendment"); *State v. Rabb*, 920 So. 2d 1175, 1201 (Fla. 4th DCA 2006) (no Fourth Amendment violation from "a sniff by a trained dog, standing where it has a right to be, of odors emanating from any protected place"), *approved*, *Jardines v. State*,

73 So. 3d 34, 56 (Fla. 2011), *aff'd sub nom. Florida v. Jardines*, 569 U.S. 1 (2013).

AFFIRMED.

WOLF and ROWE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.